# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Quentin R. Jenkins, | ) | |
| | ) | Civil Action No. 9:19-cv-1461-TMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Warden Leveren Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

Petitioner Quentin R. Jenkins, a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On January 21, 2020, Respondent filed a return and motion for summary judgment. (ECF Nos. 23, 24). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the magistrate judge entered an order advising Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment and that, if he failed to respond adequately, the motion for summary judgment could be granted, thereby ending his case. (ECF No. 25). On January 22, 2020, the *Roseboro* order was sent via United States Mail to Petitioner at the address he provided the court. (ECF No. 26). Petitioner, however, did not file a response to the motion for summary judgment.

On March 16, 2020, the magistrate judge issued a Report and Recommendation (the "Report"), recommending that Respondent's motion for summary judgment (ECF No. 24) be granted and that the § 2254 petition (ECF No. 1) be dismissed with prejudice. (ECF No. 28 at 11). Specifically, the magistrate judge concluded that Petitioner failed to file his application for relief

under § 2254 within the one-year limitations period imposed by 28 U.S.C. § 2244(d). *Id*. at 11. The Report advised Petitioner of his right to file specific objections to the findings, conclusions and recommendations set forth in the Report and warned him of the consequences of failing to do so. *Id*. at 12. On March 17, 2020, the Report was mailed to Petitioner at the address he provided the court, (ECF No. 29), and has not been returned as undeliverable. Therefore, Petitioner is presumed to have received the Report. Although Petitioner was advised of his right to file specific objections to the Report, he has failed to do so. The time for Plaintiff to object to the Report has now expired[1], and this matter is ripe for review.

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 28), which is incorporated herein by reference. Accordingly, for the reasons stated in the Report, Respondent's motion for summary judgment

---

[1] Petitioner's objections were due originally on April 3, 2020. (ECF Nos. 28, 29). However, pursuant to the district-wide standing order regarding Court Operations in Response to COVID-19 (ECF No. 30), which was also mailed to Petitioner at the address he provided the court (ECF No. 31), Petitioner was afforded additional time to file objections until April 23, 2020. (ECF No. 32).

(ECF No. 24) is **GRANTED** and Petitioner's § 2254 petition (ECF No. 1) is **DISMISSED** with prejudice.

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 28, 2020